ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2021-Apr-13 15:20:45
23CV-21-404
C20D01 : 12 Pages

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CIVIL DIVISION

DR. LENSEY SCOTT                                                PLAINTIFF

VS.                              CASE NO. _____

CONWAY REGIONAL MEDICAL
CENTER, INC.                                          DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, Dr. Lensey Scott (hereinafter "Plaintiff" or "Dr. Scott"), by and through counsel, Cox, Sterling, McClure & Vandiver, PLLC, and for his Complaint against Defendant, Conway Regional Medical Center, Inc. (hereinafter the "Conway Regional"), hereby states and alleges as follows:

### INTRODUCTION

This is an action to redress discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), to redress discrimination in violation of the Arkansas Civil Rights Act of 1993 (the "ACRA"), Ark. Code Ann. §16-123-101, *et seq.*, and to redress discrimination based on race in violation of 42 U.S.C. § 1981, to award full back pay and benefits, front pay, liquidated, compensatory, and punitive damages, and all other benefits of Dr. Scott's employment to which he would have been entitled had he not been the victim of discrimination based on his race.

### PARTIES, JURISDICTION, AND VENUE

1. Jurisdiction of this Court is invoked under both the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101 *et seq.*, and 42 U.S.C. § 1981.

2. Venue is proper in this Court.

3. Dr. Scott is a resident of Faulkner County, Arkansas and worked as an employee for Conway Regional in Faulkner County, Arkansas.

4. Upon information and belief, and at all times relevant to this complaint, Conway Regional, is an Arkansas limited liability company that does business in Faulkner County, Arkansas.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Under 42 U.S.C. § 1981, there is no requirement to exhaustion of administrative remedies. *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983).

6. Exhaustion of remedies not required under Arkansas Civil Rights Act ("ACRA") because the statute does not provide that administrative procedures will be exclusive, and according to the Supreme Court of the United States, "The most common application of the exhaustion doctrine is in cases where the relevant statute provides that certain administrative procedures shall be exclusive." *McKart v. U.S.*, 395 U.S. 185, 193 (1969). The ACRA provides that any party in violation of the Act will be liable in a circuit court for damages. Ark. Code Ann. § 16-123-105(a).

7. On or about January 5, 2021, Dr. Scott filed a Charge of Discrimination against Conway Regional with the Little Rock Office of the Equal Employment Opportunity Commission (the "EEOC"), Charge No. 493-2021-00533. A copy of the EEOC charge of discrimination has been attached hereto as Exhibit "A" and is incorporated by reference herein.

8. By notice dated January 14, 2021, Dr. Scott was notified by the EEOC of his right to file a civil action against the District. A copy of the right-to-sue letter has been attached hereto as Exhibit "B" and is incorporated by reference herein.

9.      This lawsuit has been timely filed within 90 days of Dr. Scott's receipt of the EEOC's right-to-sue notice.

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if fully set forth herein word for word.

11.     Plaintiff was employed as a cardiologist and his employer was Conway Regional.

12.     Conway Regional at all times had control of the terms and conditions of Dr. Scott's employment.

13.     During his employment, Dr. Scott was subjected to continual harassment by his superiors are Conway Regional.

14.     The harassment existed in many forms. Dr. Scott was regularly not paid the full amount for services rendered for work performed even though white physicians were consistently paid the full amount for the same services. Dr. Scott submitted unbilled hospital charges, but Conway Regional refused to reimburse Dr. Scott. Conway Regional always reimbursed white physicians who submitted similar charges.

15.     Matt Troup, the President and CEO of Conway Regional, repeatedly reported Dr. Scott for bogus unprofessional behavior allegations in an attempt to humiliate Dr. Scott, to have his licensing impacted, and to force him to resign.

16.     Dr. Scott consistently complained that he was unable to be assigned cases in the evening when white physicians regularly were assigned cases. Despite Dr. Scott's complaints, Conway Regional still refused to allow him to provide services in the evening.

17.     Dr. Scott was cursed and screamed at by a white Conway Regional employee during one of the conversations regarding his inability to do cases, and when he complained about

this behavior, Conway Regional punished Dr. Scott for reporting the issue rather than disciplining the egregious behavior done by the white employee. Conway Regional never punished its white physicians when similar incidents occurred.

18. Dr. Scott complained about this behavior, and in retaliation for his complaint Conway Regional falsely reported Dr. Scott for having behavioral issues and informed him that he would have to have an evaluation done on his mental health in Kansas immediately. Conway Regional informed Dr. Scott that he would lose his privileges at Conway Regional if he did not comply. When Dr. Scott explained that he was uncomfortable travelling and leaving his family during the racial unrest at the time and the pandemic, Conway Regional still required Dr. Scott to travel to Kansas immediately.

19. One of the many false complaints regarding Dr. Scott involved an inappropriate heart catheter. The EKG for the patient was reviewed by four cardiologists, all who agreed that a procedure should not have been done. Conway Regional directed one of its cardiologists to perform the operation in order to discredit Dr. Scott so that it could report him for failing to provide care to a patient.

20. Dr. Scott was not the only minority physician who complained about the discrimination he was facing. Dr. Deepali Nivas Tukaye made similar complaints and faced retaliation as well.

21. Dr. Tukaye complained about white employees screaming and cursing at her, and none of the white employees ever faced discipline for their actions.

22. Conway Regional ultimately informed Dr. Scott and Dr. Tukaye that it would not be renewing their contracts to provide services. Conway Regional renewed the contracts of all white cardiologists.

23. There were no African-Americans in management positions in Conway Regional throughout Dr. Scott's employment.

24. Conway Regional never took steps to curb the behavior against Dr. Scott despite his reporting of the unwanted harassment and overall hostile work environment. This caused Dr. Scott to suffer mental distress.

25. None of this offensive and unwanted actions were directed to white employees at Conway Regional.

26. Dr. Scott exhausted all possible remedies to try to improve his work situation. When his efforts proved fruitless, and when Conway Regional informed Dr. Scott that it would not be renewing his contract to provide services, Dr. Scott resigned to seek other employment.

27. Conway Regional engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Dr. Scott on the basis of his race. These practices and policies include, but are not limited to, tolerating the continual barrage racist actions toward Dr. Scott and persistently refusing to take any action regarding that barrage.

28. Dr. Scott's constructive discharge was the result of a practice to ignore complaints of harassment and offensive behavior and to protect white management employees from the consequences of their improper and unwanted remarks and actions.

29. As a result of Conway Regional's conduct, Dr. Scott suffered damages.

**CAUSE OF ACTION**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

30. Dr. Scott restates and incorporates herein by reference the preceding paragraphs of his Complaint as if fully set forth herein word for word.

31. Dr. Scott was a dedicated and exemplary employee during his service at Conway Regional.

32. Dr. Scott was subjected to unwanted and offensive harassment, about which he complained, and about which nothing was done until the conditions of his employment became so intolerable that he was forced to resign.

33. Conway Regional was tolerant of the unwanted harassment in spite of the fact that Conway Regional knew about the harassment and failed to take action.

34. This harassing and discriminatory behavior was sufficiently severe and pervasive to unreasonably interfere with Dr. Scott's physical health and work performance.

35. As a result of Conway Regional's failure to protect Dr. Scott from harassment and discrimination, he suffered humiliation, emotion distress, and physical pain.

36. Conway Regional failed to take any reasonable or necessary steps to eliminate discrimination from its workplace or to prevent it from occurring in the future and, as a result, Dr. Scott was constructively discharged.

37. Dr. Scott has incurred damages due to Conway Regional's actions.

## CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1981

38. Dr. Scott restates and incorporates herein by reference the preceding paragraphs of his Complaint as if fully set forth herein word for word.

39. Dr. Scott was a dedicated and exemplary employee during his service at Conway Regional.

40. Dr. Scott was subjected to unwanted and offensive harassment, about which he complained, and about which nothing was done until the conditions of his employment became so intolerable that he was forced to resign.

41. Conway Regional was tolerant of the unwanted harassment in spite of the fact that Conway Regional knew about the harassment and failed to take action.

42. This harassing and discriminatory behavior was sufficiently severe and pervasive to unreasonably interfere with Dr. Scott's physical health and work performance.

43. As a result of Conway Regional's failure to protect Dr. Scott from harassment and discrimination, he suffered humiliation, emotion distress, and physical pain.

44. Conway Regional failed to take any reasonable or necessary steps to eliminate discrimination from its workplace or to prevent it from occurring in the future and, as a result, Dr. Scott was constructively discharged.

45. Dr. Scott has incurred damages due to Conway Regional's actions.

## CAUSE OF ACTION
## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT OF 1993

46. Dr. Scott restates and incorporates herein by reference the preceding paragraphs of his Complaint as if fully set forth herein word for word.

47. Dr. Scott was a dedicated and exemplary employee during his service at Conway Regional.

48. Dr. Scott was subjected to unwanted and offensive harassment, about which he complained, and about which nothing was done until the conditions of his employment became so intolerable that he was forced to resign.

49. Conway Regional was tolerant of the unwanted harassment in spite of the fact that Conway Regional knew about the harassment and failed to take action.

50. This harassing and discriminatory behavior was sufficiently severe and pervasive to unreasonably interfere with Dr. Scott's physical health and work performance.

51. As a result of Conway Regional's failure to protect Dr. Scott from harassment and discrimination, he suffered humiliation, emotion distress, and physical pain.

52. Conway Regional failed to take any reasonable or necessary steps to eliminate discrimination from its workplace or to prevent it from occurring in the future and, as a result, Dr. Scott was constructively discharged.

53. Dr. Scott has incurred damages due to Conway Regional's actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against the Defendant for all just and proper relief including:

(A) Plaintiff seeks a jury trial on all issues so triable;

(B) Plaintiff seeks compensatory damages including lost wages, past and future lost income, physical pain, emotional distress, humiliation, and past and future medical expenses. As to lost wages, Plaintiff seeks an order awarding Plaintiff back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole and compensate HIM for the civil rights violations described above;

(C) Award Plaintiff front pay, fringe benefits, and other compensation; and

(D) Award Plaintiff the costs of this action, including reasonable attorney's fees, and such other legal and equitable relief as this Court deems just and proper.

Respectfully Submitted,

By: */s/ Dylan Botteicher*
Dylan J. Botteicher (ABN 201710)
COX, STERLING, MCCLURE &
VANDIVER, PLLC
8712 Counts Massie Rd.
North Little Rock, AR 72113
T: (501) 954-8073
F: (501) 954-7856
E: djbotteicher@csmfirm.com
ATTORNEY FOR THE PLAINTIFF



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### CHARGE OF DISCRIMINATION

EEOC Form 5A (7/2016)

| | |
|---|---|
| **Personal Information** | Name (First, Middle, Last): Lensey C. Scott <br> Street Address: 1815 Centennial Club Drive <br> City: Conway  State: AR  Zip Code: 72034 <br> Telephone Number: 850-284-9010   ☐ Home ☐ Work ☒ Cell |
| **Information about the company or organization you believe discriminated against you.** | Organization Name: Conway Regional Medical Center <br> Street Address: 2302 College Ave. <br> City: Conway  State: AR  Zip Code: 72034 <br> Your job title or the title of the job for which you applied: Physician |
| **Why you believe you were discriminated against?** | Race ☒   Color ☐   Religion ☐   National Origin ☐ <br> Sex ☐   Disability ☐   Age ☐   Genetic Information ☐ <br> Retaliation ☒   Other ☐ |
| **What happened to you that you believe was discriminatory?** | Date(s) Discrimination Took Place: Earliest July 2020   Latest September 2020 <br><br> My employer treated me, an African American, differently than my white colleagues. I was terminated after I complained about this behavior. |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. <br><br> I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or based on retaliation for filing a charge of employment discrimination, helping in someone else's complaint about job discrimination, or complaining to the employer about job discrimination. <br><br> I declare under penalty of perjury that the above is true and correct. <br> Signature: *[signature]*   Date: 1/4/2021 |

EXHIBIT A

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Lensey Scott**
**1815 Centennial Club Drive**
**Conway, AR 72034**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2021-00533 | **Lynda F. Fier,** **Enforcement Supervisor** | (501) 324-5468 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)   **No employee/employer relationship**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_signature_     January 14, 2021

Enclosures(s)

**William A. Cash, Jr.,** **Area Office Director**   (Date Issued)

cc: **CONWAY REGIONAL MEDICAL CENTER**
**Attn: Richard Tyler**
**2302 College Avenue**
**Conway, AR 72034**

**Dylan Botteicher**
**COX, STERLING, MCCLURE & VANDIVER, PLLC**
**8712 Counts Massie Road**
**North Little Rock, AR 72113**

EXHIBIT B

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT B